UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA WOOD, et al.,

        Plaintiffs,

    v.

SGT INVESTMENTS, et al.,

        Defendants.

Case No.  21-cv-08784-WHO

**ORDER GRANTING MOTIONS TO DISMISS**

Re: Dkt. Nos. 16, 25, 26

Defendants Tom Malgesini and the Contra Costa County Sheriff's Office ("Sheriff's Office") separately moved to dismiss a First Amended Complaint ("FAC") filed by pro se plaintiff Andrea Wood, arising from the foreclosure sale of Wood's home and her subsequent eviction. Wood has pleaded a violation of the Fourteenth Amendment, so federal question jurisdiction exists.  But she has failed to state a claim upon which relief can be granted because the Fourteenth Amendment violation is alleged only against a real estate group, not a state actor.  Dismissal is therefore warranted under Federal Rule of Civil Procedure 12(b)(6).  That is the only claim over which I have original jurisdiction.  I decline to exercise supplemental jurisdiction over the remaining state law claims, and this case is DISMISSED with leave to amend.

## BACKGROUND

Wood took out two loans on an Orinda, California, home, which she asserts were funded by Malgesini as a private lender through another defendant, FCI Lender Services, Inc.  FAC [Dkt. No. 8] 1.  At some point, Wood received a notice of default on the second loan, which was for $112,000.  *Id.*  According to Wood, she did not receive a notice of default on the first loan.  *Id.* Wood contends that after receiving the notice of default, she paid $100,000 by money order, which she stated was to pay the second loan.  *Id.*

1    Wood states that instead of putting the $100,000 toward the second loan, Malgesini

2    notified her that he would apply the funds "as he wanted." *Id*.  Wood alleges that Malgesini then

3    foreclosed on the loan and sold her home—which she states was appraised for $2.4 million the

4    year before—for approximately $200,000.  *Id*. at 1-2.  The foreclosure sale occurred on November

5    4, 2020.  *See* First Req. for Judicial Notice ("First RJN") [Dkt. No. 16-3] Ex. 1.[1]  Another

6    defendant, SGT Investments, LLC, and another entity acquired title to the property via a trustee's

7    deed upon sale, which was recorded about two weeks later.  *See id*.

8    On January 14, 2021, SGT Investments brought an unlawful detainer action against Wood.

9    *See* Second Req. for Judicial Notice ("Second RJN") [Dkt. No. 27] Ex. A.[2]  Default judgment was

10    entered on March 1, 2021.  *See id*.  A writ of possession of the property was issued to the Contra

11    Costa Sheriff's Office on March 9, 2021.  *See id*., Ex. B.  Wood took several actions to stop

12    eviction, including filing a motion to set aside the default judgment, which was denied.  *See id*.,

13    Ex. A.  After much activity in state court, on June 3, 2021, Superior Court Judge Clare M. Maier

14    denied a post judgment claim to right of possession and expressly stated that the "Contra Costa

15    County Sheriff may complete the eviction of 'all occupants' from the premises."  *See id*., Ex. C.

16    The Sheriff's Office evicted the occupants from the property on June 10, 2021.  *See* FAC at 3.

17    On June 25, 2021, Wood filed a lawsuit in state court against numerous defendants,

18    alleging causes of action including unlawful eviction.  *See* Contra Costa County Mot. to Dismiss

19

20

[1] Malgesini asks that I take notice of four documents:  the trustee's deed upon sale (Exhibit 1); a
21    March 3, 2020, unlawful detainer judgment rendered in *SGT Investments et al. v. Wood et al.*, No.
N21-0038 (Exhibit 2); a March 9, 2021, writ of possession issued to the Sheriff's Office (Exhibit
22    3); and a June 18, 2021, order denying claim of right to possession (Exhibit 4).  *See* Dkt. No. 16-3.
The request is granted, as the facts within are not subject to reasonable dispute because they can be
23    accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
Fed. R. Evid. 201(b)(2); *see also United States ex rel. Robinson Rancheria Citizens Council v.*
24    *Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of
proceedings in other courts, both within and without the federal judicial system, if those
25    proceedings have a direct relation to matters at issue.").

26    [2] The Sheriff's Office also asks that I take notice of four documents:  the state court docket in *SGT
Investments et al. v. Wood et al.*, No. N21-0038 (Exhibit A); the March 9, 2021, writ of possession
27    (Exhibit B); a June 3, 2021, order denying claim to right of possession (Exhibit C); and the state
court docket in *Wood v. SGT Investments et al.*, No. C21-01290.  *See* Dkt. No. 27.  I will take
28    notice for the same reasons stated above.  I do so without converting the motions to ones for
summary judgment.  *See Williams v. Facebook, Inc.*, 384 F. Supp. 3d 1043, 1051 (N.D. Cal 2018).

United States District Court
Northern District of California

("Contra Costa MTD") [Dkt. No. 26] 2:17-19 (citing Second RJN, Ex. D). The Sheriff's Office filed a demurrer, which the court sustained with leave to amend. *See* Second RJN, Ex. D. It does not appear from the state court docket that Wood filed an amended complaint. *See id.*

Wood brought the instant case on November 12, 2021.[3] *See* Dkt. Nos. 1, 2, 8. The FAC alleges claims including fraud, lack of due process, illegal eviction, and "unlawful sale by use of fraud," and seeks a nullification of the sale and $10 million in damages. *See* Dkt. No. 8 at 2-4. The complaint names several defendants: Malgesini, SGT Investments, FCI Investments, Alan Horwitz, the Sheriff's Office, and 30 unnamed Doe defendants. *See id.*

Malgesini and the Sheriff's Office separately moved to dismiss. Dkt. Nos. 16, 26. These motions are suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

## LEGAL STANDARD

### I.      RULE 12(B)(1)

"Federal courts are courts of limited jurisdiction," possessing only the power authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citation omitted).

Courts may raise and decide questions of subject matter jurisdiction *sua sponte*, as part of their "independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The opposing party may also challenge subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

A Rule 12(b)(1) challenge may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve such a

---

[3] The FAC also named "T.P." as a plaintiff. *See* Dkt. No. 8. It is unclear who T.P. is. This person is not mentioned elsewhere in the FAC, and Wood's filings related to the motions to dismiss only mention Wood. I will therefore only reference Wood in this Order.

1  challenge, the court assumes that the plaintiff's allegations in her complaint are true and draws all

2  reasonable inference in her favor.  *See Wolfe*, 392 F.3d at 362.

3  **II.      RULE 12(B)(6)**

4        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

5  if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

6  dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

7  face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when

8  the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant

9  is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

10 omitted).  This standard is not akin to a probability requirement, but there must be "more than a

11 sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require

12 "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

13 relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

14       In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

15 court accepts her allegations as true and draws all reasonable inferences in her favor.  *Usher v.*

16 *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to

17 accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

18 unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

19       Pro se complaints are held to "less stringent standards than formal pleadings drafted by

20 lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro se, the

21 court has an obligation to construe the pleadings liberally and to afford her the benefit of any

22 doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, pro se

23 pleadings must still allege facts sufficient to allow the court to determine whether a claim has been

24 stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

25       If the court dismisses the complaint, it "should grant leave to amend even if no request to

26 amend the pleading was made, unless it determines that the pleading could not possibly be cured

27 by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

28

United States District Court
Northern District of California

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DISCUSSION**

There are two sources of subject matter jurisdiction:  federal question jurisdiction and diversity jurisdiction.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Federal question jurisdiction arises "only when a federal question is presented on the face of a plaintiff's properly pleaded complaint."  *Id.*  Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  When a case involves multiple plaintiffs or defendants, the citizenship of each plaintiff must be diverse from that of each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

If a district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Subsection (c) outlines four circumstances in which a court may decline supplemental jurisdiction over state law claims, including when "the district court has dismissed all claims over which it has original jurisdiction."  *Id*. § 1367(c)(3).

Malgesini first argues that Wood has not shown either diversity or federal question jurisdiction.  *See* Malgesini Mot. to Dismiss ("Malgesini MTD") [Dkt. No. 16-1] 8-14.  Wood does not respond to this argument in her opposition.  *See generally* Oppo. [Dkt. 18] 1.  The only time jurisdiction is mentioned is in her "amended reply," which asserts that Wood is a resident of California and "does not know any of the defendants to reside outside of California." [4]  See Dkt. No. 21 at 3.  But for Wood to establish that I have diversity jurisdiction over this case, she must show that she is a citizen of a *different* state than each of the defendants, not the same one.  In sum, Wood has not established diversity jurisdiction because she alleges no basis for jurisdiction in the FAC itself, and even if the "amended reply" were properly filed, it shows only a *lack* of diversity jurisdiction, as Wood asserts she and the defendants are all citizens of California.

Wood has, however, pleaded a claim arising under federal law:  a violation of her

---

[4] Wood filed this "amended reply" after Malgesini filed his reply.  *See* Dkt. Nos. 19, 21.  This was improper, as Wood did not seek nor receive my permission to file any additional documents.  Civil Local Rule 7-3(d) states that once a reply is filed, "no additional memoranda, papers or letters may be filed without prior court approval," listing two exceptions that do not apply here.

5

1   Fourteenth Amendment due process rights.  *See* FAC at 2-3.  Malgesini challenges the merits of

2   the claim under Rule 12(b)(6).  *See* Malgesini MTD at 10-11.  But the two inquiries are distinct.

3   As the Ninth Circuit has stated:

4           Failure to state a claim under federal law is not the same thing as failure to
            establish federal question jurisdiction. . . . Any non-frivolous assertion of a federal
5           claim suffices to establish federal question jurisdiction, even if that claim is later
            dismissed on the merits under Rule 12(b)(6).
6

7   *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999).  In other words,

8   although Wood has shown federal question jurisdiction by pleading a non-frivolous claim arising

9   under the United States Constitution, the claim is not guaranteed to proceed.

10          Wood's Fourteenth Amendment claim warrants dismissal under Rule 12(b)(6).  As

11  pleaded, Wood asserts the claim against only one defendant:  SGT Investments.  *See* FAC at 2-3.

12  She describes SGT Investments as a "seasoned real estate group" elsewhere in the FAC.  *See id.* at

13  2.  But the Fourteenth Amendment only applies to state actors and not private conduct.  *See*

14  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349-50 (1974) ("[T]he principle that private action is

15  immune from the restrictions of the Fourteenth Amendment is well established and easily

16  stated.").  Even reading the complaint liberally, nowhere did Wood plead that SGT Investments is

17  a state actor.  *See generally* FAC.  And although private action "may be fairly treated as that of the

18  state itself" when there is "such a close nexus between the state and the challenged action," Wood

19  did not plead such a nexus.  *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

20  U.S. 288, 295 (2001).  The Fourteenth Amendment claim cannot proceed as pleaded and is

21  DISMISSED.

22          That is the only claim over which I have original jurisdiction. I decline to exercise

23  supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).[5]

24  _____

25  [5] Because I am dismissing the complaint on these grounds, I need not address the other arguments
    raised by Malgesini and the Sheriff's Office.
26
            Wood also filed a "motion for repossession of property residence" on January 21, 2022.
27  Dkt. No. 25.  It lists some of the claims asserted in her FAC (illegal eviction and trespassing) as
    well as some new claims (intentional infliction of emotional distress and false imprisonment).  To
28  the extent that this motion raises new claims, they are state law claims over which I again decline
    to exercise supplemental jurisdiction.  The motion is DISMISSED.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

For these reasons, the defendants' motions to dismiss are GRANTED.  Because Wood is proceeding pro se, I will give her the opportunity to amend her complaint.  Any amended complaint should clearly address the above-described deficiencies and is due within 20 days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: March 22, 2022



William H. Orrick
United States District Judge